Dawiei, Judge.
 

 After stating the will of the testator, and the facts above set forth, proceeded : — In construing a will, the intention of the testator, if consistent with established rules of law must be observed, and no part to which a meaning or operation can be given, shall be rejected.
 

 A will is not to be construed by adverting to a single clause only; every thing bearing on the subject which is to be discovered from the will itself, must be taken together, in order to ascertain the testators intention. Fa-rol or extrinsic evidence, is admitted, not to control a will, but to show' either with reference to what it was made, or to explain a latent ambiguity.
 
 (Bengough v. Walker,
 
 15
 
 Ves. 514.)
 
 Therefore parol evidence was in this case admissible, to show that the slave
 
 Amey
 
 w'as one of those referred to by the testator in the thirteenth section of his will, by the words,
 
 “
 
 which negro, and
 
 those I formerly lent her,
 
 at her death to be equally divided between her children.” The evidence did shew that the slave
 
 Amey
 
 was one of those the testator had lent to his daughter
 
 Martha,
 
 and therefore fell within the bequest to her children after her death, by the thir-icenth section of the will. And the evidence likewise
 
 *509
 
 showed that she was the same
 
 slavedmey,
 
 that was give» in the third section of the will to
 
 Martha Morton.
 
 The question presents itself» whether the testator, having made a general bequest of the slave
 
 Jlmey
 
 to liis daughter by the third section, could by the subsequent thirteenth section, limit any interest in the said slaves by way of executory devise to her children? If the same slaves had been given absolutely to the-children by the-latter section of the will, which had been given to the mother by a former section, the mother and children would have been tenants in common according to the decision of ibis Court in the case of
 
 Field
 
 v
 
 Eaton. (Dev. Eq. It.
 
 283.) The slaves bequeathed being identically the same in both clauses of the will, and the Court looking through the whole will to find out the meaning and-intention of the testator, feels no difficulty in pronouncing that intention to be, that
 
 Martha
 
 the daughter,should have an estate for life only in the slaves, by virtue of' the third section of the will, and that the after limitation by way of executory devise to her children, in the thirteenth section -was good inlaw. It is a doctrine-which hath prevailed at all times as to wills, that where there is a gift of property, and a subsequent limitation inconsistent with the former,as an absolute and complete-deposition of the thing,
 
 that
 
 does by necessary implication cut down the former limitation.
 
 (Wykham
 
 v.
 
 Wykham,
 
 18
 
 Ves.
 
 421, 422.) We think the judgment rcn,-. dered in the Superior Court should be affirmed.
 

 Per Curiam — Judgment aeeirmeb.,